**SULLIVAN & CROMWELL LLP**

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

July 15, 2025

Via ECF

The Honorable Margaret M. Garnett,
   United States District for the Southern District of New York,
      40 Foley Square, Room 2102,
         New York, NY 10007.

         Re:    *Beazley Furlonge Ltd.* v. *United Risk Ins. Agency LLC*, 25-cv-04133

Dear Judge Garnett:

         Pursuant to Rule I(D)(3)(iii) of Your Honor's Individual Rules and Practices, Standing Order 19-MC-583, and Section 6 of the Electronic Case Filing Rules & Instructions, Defendant United Risk Insurance Agency ("Rivington") respectfully seeks the Court's permission to file under seal Exhibits B, C, and D to the Declaration of Nicholas F. Menillo being filed in support of Rivington's motion to dismiss. The parties conferred on July 14, 2025, and Plaintiff does not oppose Rivington's request.

         Courts addressing sealing requests "must balance competing considerations against the presumption of [public] access" to judicial documents. *FuboTV Inc.* v. *Walt Disney Company*, 2024 WL 1884974, at *1 (S.D.N.Y., Apr. 20, 2024) (Garnett, J.) (internal quotation marks omitted). The presumption of public access can be overcome upon findings that sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)). "Business secrecy" has been recognized as one of the values that can "outweigh[] the presumption of public access." *Lexington Furniture Indus., Inc.* v. *Lexington Co., AB*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021). Indeed, courts "routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information." *In re B&C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (collecting cases); *see also Kewazinga Corp.* v. *Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("The demonstration of a valid need to protect the confidentiality of confidential and proprietary business information may be a legitimate basis to rebut the public's presumption of access to judicial documents.")

         Exhibits B, C, and D are the Schedule to the Binding Authority Agreement (the "Schedule") (which includes the U.S. General Cover Conditions (the "U.S. Conditions")), and two versions of Rivington Environmental Underwriting Guidelines (the "Guidelines"), documents that are incorporated by reference in the Complaint (*see* ECF No. 1 ¶ 20). These documents are not public, and governed the commercial relationship between Rivington and Beazley. Plaintiff asserts that "[t]he Guidelines, Schedule, and U.S. Conditions are confidential, proprietary trade

The Honorable Margaret M. Garnett                                                                          -2-

secret information" and states that it "will make them available as needed provided the parties can stipulate to, and the Court enters, a protective order that appropriately safeguards those documents from unwarranted disclosure." (ECF No. 1 at 6 n.1.) Without agreeing that all of the documents are Plaintiff's confidential and/or proprietary trade secrets, Rivington thus respectfully requests that the Court permit filing under seal so that it can evaluate those documents in ruling on Rivington's motion to dismiss. *See FuboTV*, 2024 WL 1884974, at *1 (granting motion to seal confidential agreements).

Respectfully,

/s/ Nicholas F. Menillo

Nicholas F. Menillo

cc:     Counsel of Record

> Application GRANTED. Having examined Exhibits B, C, and D to the Menillo Declaration and considering Defendant's representations, the consent letter-motion to seal Exhibits B, C, and D in support of Defendant's motion to dismiss is hereby GRANTED. Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The Court finds that Defendant's interest in filing under seal the sensitive business information included in Exhibits B, C, and D outweighs the presumption of access. The Clerk of Court is respectfully directed to terminate Dkt. No. 19.
>
> SO ORDERED. Date: 7/16/2025.
>
> HON. MARGARET M. GARNETT
> UNITED STATES DISTRICT JUDGE